TESCHKE *v.* OAKLAND COUNTY DEPARTMENT
OF PUBLIC WORKS.

1. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE—PUBLICATION.
    Public securities validation act which provided for notice to
    known parties in interest as defendants solely by statutory
    publication failed to provide for adequate notice to meet the
    requirements of the due process clauses of the Federal and
    State Constitutions (US Const, Am 14; Mich Const 1908, art
    2, § 16; PA 1959, No 161, § 7).

2. COUNTIES—PUBLIC WORKS—SPECIAL ASSESSMENTS—NOTICE—PUB-
   LICATION IN NEWSPAPER.
    County public works act providing for the establishment of spe-
    cial assessment districts for water supply system or sewage
    disposal system in a proceeding for which the only notice to
    persons within the district is by publication in a newspaper
    *held*, unconstitutional for failure to provide a proper notice,
    being a denial of due process of law (US Const, Am 14; Mich
    Const 1908, art 2, § 16; PA 1957, No 185, § 24).

3. STATUTES—NOTICE OF HEARING—KNOWN PARTIES IN INTEREST.
    Judge- or administrator-imposed mailing of notice of a hear-
    ing in an action affecting one's property does not cure the in-
    validity of the statute providing for such proceeding which
    does not require that personal service be given to known par-
    ties in interest in such property (US Const, Am 14; Mich
    Const 1908, art 2, § 16; PA 1957, No 185, § 24; PA 1959,
    No 161, § 7).

4. COSTS—PUBLIC QUESTION—VALIDITY OF COUNTY PUBLIC WORKS
   ACT.
    No costs are allowed in suit to invalidate county public works act,
    a public question being involved (PA 1957, No 185).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Notice and Notices §§ 9, 21.
[3] 12 Am Jur, Constitutional Law § 573.
[4] 14 Am Jur, Costs § 37.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted October 18, 1961. (Docket No. 98, Calendar No. 49,190.) Decided March 19, 1962. Rehearing denied May 17, 1962.

Bill by Harry G. Teschke and other taxpayers, as a class action, against Oakland County Department of Public Works and the Township of Farmington to invalidate assessment in special district. Cross bill by defendants under public securities validation act to ratify proceedings.. Publication made and order to show cause served by mail on known property owners. State of Michigan, appearing specially, moved to dismiss cross bill. Motion denied. State of Michigan appeals. Reversed and remanded.

*Robert P. Allen* (*Dickinson, Wright, McKean & Cudlip,* of counsel), for defendant and cross plaintiff County of Oakland.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, for cross defendant State of Michigan.

KAVANAGH, J. The questions raised in this case are identical with the first 2 questions answered in the opinion of this Court today released in *Ridenour* v. *County of Bay,* 366 Mich 225. The opinion in *Ridenour, supra,* disposes of the questions in this case.

The order denying the motion to dismiss by the attorney general is reversed and the case is remanded to the lower court for entry of an order dismissing the cross bill of complaint.

A public question being involved, no costs are allowed.

Dethmers, C. J., and Carr, Kelly, Black, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., took no part in the decision of this case.